**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-1647

KIERRE GREENE,

Plaintiff - Appellant,

v.

ICON GOVERNMENT AND PUBLIC HEALTH SOLUTIONS,

Defendant - Appellee.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Brendan A. Hurson, District Judge.  (8:22-cv-02546-BAH)

Submitted:  May 21, 2025                          Decided:  June 5, 2025

Before WILKINSON, AGEE, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Ikechukwu Emejuru, EMEJURU LAW, LLC, Silver Spring, Maryland, for Appellant.  Larry R. Seegull, Tonecia R. Brothers-Sutton, JACKSON LEWIS P.C., Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kierre Greene appeals the district court's order granting summary judgment in favor of ICON Government and Public Health Solutions ("ICON") on Greene's disability discrimination claim brought under the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101-12213. We affirm.

We review de novo a district court's ruling on a motion for summary judgment. *Anderson v. Diamondback Inv. Grp., LLC*, 117 F.4th 165, 173 (4th Cir. 2024). Summary judgment is appropriate when, viewing the facts and drawing all reasonable inferences in the light most favorable to the nonmovant, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Anderson*, 117 F.4th at 173. A fact is material when it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). And a genuine dispute exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* But, at this stage, we neither "weigh the evidence [nor] determine the truth of the matter." *Id.* at 249. So, simply put, our inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52.

The ADA prohibits employers from "discriminat[ing] against a qualified individual on the basis of disability in regard to . . . [the] discharge of employees." 42 U.S.C. § 12112(a). When, as here, the plaintiff provides no direct evidence of discrimination, he

2

may proceed under the *McDonnell Douglas*[*] burden-shifting framework to prove discrimination. *Anderson*, 117 F.4th at 174. Under that framework, "a plaintiff must first make out a prima facie case of discrimination." *Id.* (internal quotation marks omitted). If the plaintiff does so, "[t]he burden then shifts to the employer, who must establish that there was a legitimate, nondiscriminatory reason for the adverse employment action." *Id.* (internal quotation marks omitted). "If the employer discharges its burden, the plaintiff must then prove by a preponderance of the evidence that the legitimate reasons offered by the [employer] were not its true reasons, but were a pretext for discrimination." *Id.* at 174-75 (alteration in original) (internal quotation marks omitted).

> To make out a prima facie case of wrongful discharge under the ADA, [Greene] was required to produce evidence sufficient to demonstrate that (1) []he was a qualified individual with a disability; (2) []he was discharged; (3) he was fulfilling h[is] employer's legitimate expectations at the time of discharge; and (4) the circumstances of h[is] discharge raise a reasonable inference of unlawful discrimination.

*Id.* at 175 (internal quotation marks omitted).

We have reviewed the parties' briefs and the record and conclude that the district court properly determined that Greene did not establish a prima facie case of wrongful discharge. The record evidence shows that Greene was not meeting ICON's legitimate performance expectations at the time of his discharge. And nothing in the record suggests that the circumstances of Greene's discharge raise a reasonable inference of unlawful discrimination.

---

[*] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

3

Accordingly, we affirm the district court's order. *Greene v. ICON Gov't & Pub. Health Sol.*, No. 8:22-cv-02546-BAH (D. Md. June 11, 2024). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*